27 F.3d 563
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Milton MCCRAY, Plaintiff-Appellant,
v.
Richard B. ROSENBLATT; Division of Correction; Arthur
Crawmer, Classification Supervisor; Marlene
Cougar, Defendants-Appellees.
 No. 94-6097.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 24, 1994.
Decided: July 6, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. M. J. Garbis, District Judge. (CA-93-2519, CA-93-2666)
 Milton McCray, Appellant Pro Se.
 John Joseph Curran, Jr., Attorney General, George Albert Eichhorn, III, Assistant Attorney General, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Milton McCray, a Maryland prisoner, seeks to appeal the denial of his Fed.R.Civ.P.60(b) motion.[1] In the district court McCray filed two 42 U.S.C. Sec. 1983 (1988) complaints[2] challenging (1)the failure of the assistant attorney general to timely prepare a state court order requiring recalculation of his state prison sentence as directed by a state court, and (2)the failure of prison officials to properly recalculate his sentence. In ruling on the Rule60(b) motion, the district court held that the undisputed evidence showed that the order was timely prepared and signed and that McCray "has failed to show fraud, misrepresentation or misconduct on the parts of state officials with regard to the recalculation of his release date." We affirm.
 
 
 2
 We agree with the district court's ruling on claim (1). Regarding claim(2), McCray's motion was properly dismissed for reasons different than those stated by the district court. To the extent that McCray attacked the recalculation of the credits he was entitled to under Maryland law, he has only alleged a violation of state, not federal, law. See Estelle v. McGuire, 60 U.S.L.W. 4015 (U.S.1991).
 
 
 3
 Accordingly, we affirm the denial of McCray's Rule 60(b) motion. We dispense with oral argument because the facts and legal contentions are adequately presented and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 McCray did not timely appeal the order granting summary judgment, see Fed. R.App. P.4(a), and his notice of appeal specified that he was appealing the order denying his Rule 60(b) motion
 
 
 [2]
 The complaints were consolidated by the district court